PER CURIAM.
The only meritorious point raised by this appeal is the validity of the sentences imposed on appellants.
Appellants Whittaker and King were informed against for possession of more than five grams of marijuana. They both initially entered pleas of not guilty. Thereafter, Whittaker’s and King’s public defender lawyer and an assistant state attorney entered into plea bargaining. The result of this plea bargaining was that Whittaker and King would withdraw their pleas of not guilty and enter pleas of nolo contendere in exchange for the state recommending that Whittaker and King not be imprisoned and that they be placed on probation not to exceed one year. Whit-taker and King appeared before a trial judge and requested that their pleas of not guilty to possession of more than five grams marijuana be withdrawn and that they be allowed to plead nolo contendere. The trial judge, after making inquiry as to the voluntariness of the pleas and the factual basis surrounding the pleas, accepted the pleas of nolo contendere. The trial judge also agreed that the pleas were accepted pursuant to plea bargaining and that one of the conditions of the plea bargaining was that appellants would be sentenced to no more than one year probation.
Between accepting appellants’ negotiated pleas and the date of sentencing, the trial judge resigned from the bench. Thereafter, appellants came before a new trial judge for the purpose of sentencing. At this court appearance, appellants were represented by a new public defender lawyer and the state was represented by a new assistant state attorney. The sentencing judge, without inquiring as required by Florida Rule of Criminal Procedure 3.-700(c) into the terms of the plea bargaining, then proceeded to impose one year sentences on both Whittaker and King with the provision that three months of the one year sentences were to be served in jail and that the jail sentences were to be followed by two years probation. At this proceeding, no one questioned that the sentences being imposed were different from those which had originally been bargained for and accepted by a trial judge. No doubt this erroneous sentencing resulted as no one was present at the sentencing hearing who was familiar with what had transpired at plea bargaining. This is precisely the reason that Florida Rule of Criminal Procedure 3.700 requires that a sentencing judge who did not accept the plea “shall not pass sentence until he shall have acquainted himself with what transpired at the trial or the facts, including any plea discussions, concerning the plea and the offense.”
The judgments appealed are reversed and remanded with directions to amend the sentences in conformance with the bargained pleas.
RAWLS, C. J., JOHNSON and Mc-CORD, JJ., concur.